## SUNBEAM CORP.

### v.

## CHARLES APPLIANCES, Inc.

United States District Court
S. D. New York.
Nov. 6, 1953.

Rogers, Hoge & Hills, New York City, for plaintiff.

Isidor Edward Leinwand, New York City, for defendant.

SUGARMAN, District Judge.

Defendant Charles Appliances, Inc., moves to vacate an injunction entered by this court on July 25, 1950 on consent.

The injunction restrains the defendant and its officers, directors, employees, servants, agents, attorneys, successors and assigns and all persons acting in privity with it or them from "directly or indirectly advertising, offering for sale or selling goods bearing plaintiff's trade marks for prices less than those set forth in fair trade contracts in legal force and effect between plaintiff and retail distributors of electrical appliances in the State of New York or any schedule of minimum prices attached thereto or in any supplemental schedules of minimum prices issued from time to time thereafter and made a part thereof, and from otherwise violating the terms and conditions of said fair trade contracts.".

At the time of the entry of this decree, the law was accepted to be that a non-signatory retailer was bound by the price-fixing terms of a "fair trade" agreement made by any other retailer with a distributor of certain specified commodities. Defendant had not signed a price-fixing agreement with the plaintiff, but, relying upon what was considered the law at that time, it consented to the entry of a final injunction in plaintiff's favor.

Thereafter, the Supreme Court, in Schwegmann Bros. v. Calvert Distillers Corp.,[1] held that the Miller-Tydings Act[2] did not save state "fair trade" laws from the condemnation of the Sherman Act[3] insofar as such state laws purported to bind nonsigners to minimum resale price-fixing agreements.

Defendant now contends that it ought to be relieved from the restraint imposed

---

1. 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035.

2. Aug. 17, 1937, Ch. 690, 50 Stat. 693, 15 U.S.C.A. § 1.

3. July 2, 1890, Ch. 647, 26 Stat. 209, 15 U.S.C.A. § 1.

by the consent decree entered before the Schwegmann decision was rendered.

██ The order to show cause herein, failing to comply with the requirement of this district[4] that it cite the rule or statute proceeded under, it is assumed that relief is being sought under Fed.Rules Civ.Proc. rule 60(b) (5) or (6), 28 U.S.C.A. An application thereunder must be "made within a reasonable time". The Schwegmann case was decided by the Supreme Court on May 21, 1951. The instant motion was first noticed for October 13, 1953. The twentynine month delay was so unreasonable as to preclude the relief sought.[5]

██ But, assuming the time to seek relief unlimited, the movant may nevertheless not prevail. The mere change in decisional law upon which a permanent injunction was granted, in and of itself, will not support the opening or modification of the decree. The circumstances and situation of the parties must so have changed as to make it equitable to do so.[6] This indispensable ingredient is lacking in the case at bar.

The McGuire Act[7] was enacted in 1952 to overcome the effect of the Schwegmann decision, by providing that nothing in the Sherman Act shall prevent the enforcement of rights created by state "fair trade" acts against persons who have not signed price fixing agreements. An uncontradicted affidavit of one of plaintiff's shoppers indicates that defendant has evidenced the intent to violate the New York "fair trade" law[8] if this motion is granted.

In fact, the moving affidavit practically confesses that motive.[9]

The McGuire Act has been held constitutional.[10]

██ In essence, therefore, the movant's position is that it be relieved of restraint to enable it to again engage in a practice that could be promptly restrained. It thus fails to sustain its burden of establishing that the position of the parties is now so different from what it was when the injunction was granted as to make it equitable to grant the relief sought.

The time and energy of counsel and the court should not be dissipated in a circuit of litigation that will result in the parties finding themselves in the same position in which they are today.

Motion denied.

Settle order.

---

4. Headnote, motion calendar, New York Law Journal.

5. Morse-Starrett Products Co. v. Steccone, 9 Cir., 205 F.2d 244.

6. Santa Rita Oil Company v. State Board of Equalization, 112 Mont. 359, 116 P. 2d 1012, 136 A.L.R. 765.

7. July 14, 1952, Ch. 745, 66 Stat. 631, 15 U.S.C.A. § 45.

8. New York General Business Law, § 369-b, McK.Consol.Laws, c. 20.

9. It states "that the defendant herein is bound by an injunction which is based upon unconstitutional law and is limited in the transaction of its business as a result of such injunction. Others in business similar to that of your deponent, who were not sued prior to the Schwegemann [sic] decision, are now in a position to compete unfavorably with your deponent, since they do not have the whip of an injunction against them".
[Note: "The Schwegmann opinion involved no constitutional question * * *. The Schwegmann case related to the interpretation of the Sherman Anti-Trust Act as amended by the Miller-Tydings Act * * *", Schwegmann Bros. Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788, at page 791.]

10. Schwegmann Bros. Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788; certiorari denied 346 U.S. 856, 74 S.Ct. 71.