HOXSEY CANCER CLINIC, A Corporation, Plaintiff,

v.

Marian B. FOLSOM, Secretary, Department of Health, Education and Welfare, and George P. Larrick, Commissioner, Food and Drug Administration, Defendants.

Civ. A. No. 1688–57.

United States District Court
District of Columbia.

Oct. 11, 1957.

James J. Laughlin, and Albert J. Ahern, Jr., Washington, D. C., on behalf of plaintiff.

Oliver Gasch, U. S. Atty., E. Riley Casey, Asst. U. S. Atty., and William W. Goodrich, Gen. Counsel, Food and Drug Administration, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The Food and Drug Administration has issued a circular, copies of which are being posted in post offices throughout the country, warning the public that the so-called Hoxsey cancer treatment has been found worthless insofar as internal cancer is concerned. It also warns those afflicted with cancer not to be misled by the false promise that the Hoxsey cancer treatment will cure or alleviate their condition. This action is brought by Harry M. Hoxsey who claims to have treated patients afflicted with cancer, to enjoin the Secretary of the Department of Health, Education, and Welfare, and the Commissioner of the Food and Drug Administration, against the dissemination of this poster.

The defendants claim that they are acting pursuant to the authority of the United States Code Annotated, Title 21, Section 375(b) which reads as follows:

"The Secretary may also cause to be disseminated information regarding food, drugs, devices, or cosmetics in situations involving, in the opinion of the Secretary, imminent danger to health or gross deception of the consumer. Nothing in this section shall be construed to prohibit the Secretary from collecting, reporting, and illustrating the results of the investigations of the Agency."

The plaintiff claims that this statute is unconstitutional and moves that a three-judge court be convened. He has also moved for a preliminary injunction. On the other hand, the defendants move for summary judgment dismissing the complaint on the merits. The motions have been heard jointly.

378

It is claimed in behalf of the plaintiff that the statute to which reference has just been made is unconstitutional as a denial of due process of law in that it does not provide for any notice or hearing, administrative or otherwise, before the Secretary disseminates information of the type described in the statute. It is elementary law, of course, that an order of an administrative agency adjudicating rights or directing someone to do or refrain from doing something must be based on a hearing after due notice. Here, however, the situation is entirely different. The defendants have made no order; they are adjudicating no rights; they are issuing no directions. What they are doing is disseminating information and warning the public against the use of certain medicines and of a certain treatment for internal cancer. There is no basis for requiring a hearing before information can be disseminated.

But beyond that, even in the absence of this statute there would be nothing to prevent the defendants from disseminating information to the public. For example, only recently certain public officials have been urging the public to use a certain innoculation for poliomyelitis. The defendants are performing a public duty when they are urging the use of certain treatments or warning the public against the use of certain treatments. The only purpose of this statute is to place within the express scope of the duties of the Secretary something that was one of his implied functions.

If, however, the contents of the poster were erroneous then the question might arise whether they were libelous. It is a well settled rule of equity that equity does not enjoin a libel or slander, and that the only remedy for libel or slander is an action for damages if the libelous character of a statement to which objection is made can be established. One of the leading cases on this point is the well-considered opinion of the Circuit Court of Appeals for the Second Circuit in American Malting Co. v. Keitel, 209 F. 351. Naturally in a libel suit the question would arise whether there is absolute or conditional privilege, and those questions are not before the Court at this time.

A three-judge court may not be convened merely because a constitutional question is raised in an action for an injunction and a preliminary injunction is applied for. The constitutional question must be a substantial one.

The Court is of the opinion, for the reasons just stated, that there is no substantial constitutional question presented in this case, first, because the statute involved is obviously constitutional; and, second, because the question of constitutionality of that statute hardly arises since the defendants could disseminate information even without statutory authority.

The Court will therefore deny the motion for the convening of a three-judge court and will grant the motion of defendants for summary judgment.