**KUKATUSH MINING CORPORATION et al., Plaintiffs,**

v.

**SECURITIES AND EXCHANGE COMMISSION et al., Defendants.**

Civ. A. No. 2811-61.

United States District Court
District of Columbia.
Oct. 19, 1961.

William L. McGovern, Washington, D. C., for plaintiffs.

Ellwood L. Englander, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The Securities and Exchange Commission issues periodically a list of securities of Canadian companies which the Commission believes have been or are being distributed in the United States without being registered under the Securities Act. This list is disseminated widely. The plaintiffs in this action are two Canadian corporations whose names are being carried in this list. They bring suit for an injunction against the Commission to secure a removal of their names from the list.

■ It is contended in behalf of the plaintiffs that there is no statutory authority for the issuance of such a list. Counsel for the Commission, however, points to Section 78u, Subsection (a) of Title 15 U.S.C.A., which provides that the Commission is authorized, in its discretion, to publish information concerning violations of the Securities and Exchange Act of 1934. One of the violations of that Act is to sell securities that have not been registered under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq. Consequently, there is statutory authority for the publication of such a list.

The case is precisely parallel to the case of Hoxsey Cancer Clinic v. Folsom, D.C., 155 F.Supp. 376. In that case, the Food and Drug Administration issued a circular, copies of which were being posted in Post Offices throughout the United States, warning the public against the use of certain cancer treatment. It was claimed in behalf of the Secretary of Health, Education and Welfare and the Commissioner of the Food and Drug Administration, against whom a suit for an injunction was brought, that they were acting under a statutory authority contained in 21 U.S.C.A. § 375(b), to the effect that:

"The Secretary may also cause to be disseminated information regarding food, drugs, devices, or cosmetics in situations involving, in the opinion of the Secretary, imminent danger to health or gross deception of the consumer."

This Court, in granting the motion of the defendants for summary judgment, made the following observations:

"It is elementary law, of course, that an order of an administrative agency adjudicating rights or directing someone to do or refrain from doing something must be based on a hearing after due notice. Here, however, the situation is entirely different. The defend-

ants have made no order; they are adjudicating no rights; they are issuing no directions. What they are doing is disseminating information and warning the public against the use of certain medicines and of a certain treatment for internal cancer. There is no basis for requiring a hearing before information can be disseminated."

The Court also remarked that even in the absence of the statute there would be nothing to prevent the defendants from disseminating information to the public, and that the defendants were performing a public duty when they were furnishing information to the public or warning the public against the use of certain treatments.

As a matter of fact, however, shortly before the institution of this action, the Securities and Exchange Commission issued a public notice to the effect that hearings would be accorded to any person who felt that his name had been wrongfully placed on the list, if such a hearing were applied for. There is nothing before the Court to indicate that advantage has been taken of this opportunity.

A somewhat similar case to that which has just been referred to is Andrews v. Chesapeake & Potomac Telephone Co., D. C., 83 F.Supp. 966, which involved the writing of a letter by the United States Attorney to the Chesapeake & Potomac Telephone Company, conveying certain information to the company and placing the company on notice of what the United States Attorney believed certain facts to be.

Counsel for the plaintiff rely on the decision of the Supreme Court in Joint Anti-Fascist Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817. That case involved the action of the Attorney General of the United States in publishing a list of disloyal organizations. The decision in that case was by vote of six to three. There were a number of opinions and the result was that there was no majority opinion.

While six members of the Court concurred in the result, there were a number of separate opinions written by members of the majority. In view of this circumstance, it is somewhat difficult to ascertain what proposition of law this case stands for. However, the view of this Court as to the meaning of that case is as follows. An Executive Order of the President established a Loyalty Review Board of the United States Civil Service Commission. The Attorney General, under this Executive Order, was to furnish to this Board, after appropriate investigation and determination, names of persons whom he designated as totalitarian, fascist, communist, or subversive, or as advocating the commission of acts of force and violence to deny others their rights under the Constitution, or seeking to alter the form of government of the United States by unconstitutional means. On the basis of the information thus furnished by the Attorney General, the Loyalty Review Board was directed to take certain actions in respect to government employees who were members of the listed organizations. Consequently, that list was more than the dissemination of information; it formed the basis of adverse action against certain government employees. This construction of the ruling in that case is supported by the recent statement of the Supreme Court in Hannah v. Larche, 363 U.S. 420, 452, 80 S.Ct. 1502, 1520, 4 L.Ed.2d 1307, in which the Court stated that:

" * * * in Joint Anti-Fascist Refugee Comm. v. McGrath [341 U. S. 123, 140–141, 71 S.Ct. 624, 632–633, 95 L.Ed. 817], this Court held that the Attorney General's action constituted an adjudication."

On the other hand, in the case at bar the publication of the list constitutes no adjudication of anything; it is merely a warning to the public, the effect of which might, indeed, be to discourage purchases of certain Canadian securities. If, as is urged, to be placed on such a list is defamatory, attention should be called to the well settled rule of equity that equity does not enjoin a libel or

slander and that the only remedy for defamation is an action for damages.

 In view of these considerations, the Court reaches the conclusion that the complaint does not set forth a claim entitling the plaintiffs to relief.

Consequently, the motion of the defendants to dismiss the complaint is granted, and the motions of the plaintiffs for a summary judgment and preliminary injunction are denied.

Counsel may submit an appropriate order carrying this decision into effect.