GLADNEY, Judge.
This is one of two suits for negligent injury, which were consolidated for purposes of trial. It arises out of a collision between a motorcycle and a pick-up truck, which *247 •occurred February 6, 1961, at approximately •6:00 o’clock P.M. in Haynesville, Louisiana. Made defendants herein are Southern Farm Bureau Casualty Insurance Company and Fred Crump. In a companion suit Jack Burrow sued Southern Farm Bureau Casualty Insurance Company, La.App., 160 So.2d 249. A third suit arising from the same accident was instituted by James A. Morgan against Southern Farm Bureau Casualty Insurance Company, No. 8671 on the civil docket of the United States District Court for the Western District of Louisiana, and has been decided in favor of Morgan by Judge Ben C. Dawkins. Judgments in the Birdwell and Burrow cases were rendered for plaintiffs and defendants have appealed. Both appellees herein have answered the appeal and prayed for increased awards.
The accident took place on Highway 79 within the city limits of Haynesville under the following circumstances: James Morgan was operating a motorcycle on which Maurice Birdwell and Jack Burrow, owner of the motorcycle, were riding north, their •destination being a Mercury gas station on the west side of the highway. Two hundred feet south of the gas station is a welding shop known as the Goodwin Welding Shop with a short graveled parking area in front. Fred K. Crump, an employee of the welding shop, had parked his truck on the parking ■area parallel to the highway. Crump and 'his brother got into his truck and backed across the highway and into the motorcycle. The point of impact between the two vehicles was near the edge of the shoulder on ■the east or northbound portion of Highway 79. After the backing movement of the •truck had commenced, Morgan, the driver of the motorcycle, recognized the impending collision and began to apply his brakes and veer to the right. The motorcycle struck the rear steel bumper of the truck and caromed into a school bus parked on the shoulder north of the initial point of impact. All three riders were thrown from •the motorcycle and injured.
Crump testified that when he entered his ■truck he turned on its lights and looked out from the wet, not too clear rear window, and, observing no approaching traffic, he proceeded to back across the highway toward an open area so that the truck would re-enter the highway and be headed in a southerly direction. Morgan testified he was about fifty or sixty feet from the truck when he noticed it moving and about forty feet away when it became apparent to him the truck would be backed across the highway. He was too close to stop ahead of the path of the truck. He yelled, applied his brakes, and veered to the right side of the road and his motorcycle began to slide out of control, but he could not avoid striking the truck. The foregoing are the salient facts.
Fred Crump is charged with negligence in backing his truck across the highway in the face of oncoming traffic without first exercising care to see that such a movement could be accomplished with safety. The defendants rely heavily upon pleas of contributory negligence pleaded against the riders on the motorcycle, in that they were riding on a dark, rainy, foggy night without lights, at an excessive and dangerous rate of speed, and in overloading the machine in such a manner as to render its management and control less efficient.
An important factual issue is whether or not there was sufficient light to justify operation of the motorcycle without lights at the time of the collision. The lights on the motorcycle had not been turned on. From the testimony of witnesses called by plaintiff and defendants, the time of the accident was well established as being very near 6:05 P.M. and darkness had not fallen. On that date sunset was at S :53 P.M. The collision took place during a twilight stage when some of the motorists were driving with their lights on and some were not. The street lights of Haynesville had been turned on. Earlier in the afternoon it had been raining lightly and misting and the streets were damp but were not extremely wet. It was not raining nor misting at this time of the accident.
*248 It is argued by appellants that had the motorcycle been operating with lights it would have been seen by Crump or his brother in time to have avoided the accident. The provisions of LSA-R.S. 32:290 then in effect did not require vehicles operated upon the highway to be lighted until one-half hour after sunset unless there was not sufficient light to render clearly visible any person on the highway two hundred feet ahead. The State Legislature has since changed the law to require vehicles to be lighted from sunset to sunrise. LSA-R.S. 32:301.
However, after consideration of the circumstances indicating that Crump backed his truck directly across the highway with no greater precaution than looking through a wet rearview window, we are of the opinion that the absence of lights on the motorcycle was not a proximate cause of the accident, for had he made proper observation he would have seen the approaching motorcycle. His vision was not obscured as it was not raining nor misting at the time of the collision, although it was at a time when shortly thereafter it probably would have been negligent to operate any vehicle on the highway without lights. Another evidential fact is that Morgan, a large man, was wearing a beigé coat, which one witness stated could have been seen . one hundred yards away. We hold that Crump could and should have seen the approaching motorcycle. Strehle v. Giaise, La.App., 46 So.2d 685 (Orl.1950); Bush v. Williams, La.App., 74 So.2d 335 (1st Cir.1954); Josey v. Granite State Fire Insurance Company, La.App., 122 So.2d 303 (2d Cir.1960); Holland v. United States Fidelity & Guaranty Company, La.App., 131 So.2d 574 (2d Cir.1961); Clingman v. Millerville Mud Sales, Inc., La.App., 146 So.2d 240 (3rd Cir.1962) ; and Garcia v. Anchor Casualty Company, La.App., 148 So.2d 371 (1st Cir.1962).
Plaintiff herein is further charged with contributory negligence by reason of his riding with two other persons on the motorcycle and proceeding at a speed in excess of the city speed limit. It is alleged that the three riders so overloaded the cycle that Morgan was unable to apply the brakes with full force and manettver free of the truck in time to avoid the accident. With respect to this contention, we are again confronted with the determination of whether the acts referred to were proximate causes of the accident. It is, of course, well settled in our jurisprudence that mere negligence on the part of the plaintiff is not sufficient to sustain a plea of contributory negligence. It must be shown that such negligence was a proximate cause of the accident. White v. State Farm Mutual Automobile Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338 (1953); Roberts v. London Guarantee & Accident Co., La.App., 140 So.2d 770 (2d Cir.1962).
The three riders on the motorcycle estimated its speed just before the accident as being from twenty-five to thirtjr miles per hour. Morgan testified the speed was about thirty miles per hour. A motorcycle expert testified that on a dry surface when using both brakes at thirty miles per hour with just one rider, the braking distance would be fifty feet, which does not include reaction time which is recognized as J^th of a second, during which time the motorcycle would travel forty-four feet. According to the city ordinance the speed limit was fixed at twenty-five miles per hour, but the speed limit posted on signs was thirty miles per hour. This was in accordance with the ordinance which provided authority by signs could direct maximum speeds higher or lower than twenty-five miles per hour. Confronted with these facts, we must conclude that the speed of the motorcycle and the mere fact that there were three persons riding on it, were not proximate causes of the accidént. This is due to the fact that Morgan was hardly more than thirty-five or forty feet away when it was possible for him to foresee his path would be blocked by the truck. Thus, the accident would have occurred even though Morgan had been driving at a speed within the city ordinance.
*249 It is our holding, therefore, that neither ■of the plaintiffs herein has been shown to be guilty of contributory negligence, the burden of proving which rested with the defendants. Accordingly, plaintiff herein is entitled to recover damages.
Prior to the accident Birdwell was •employed as an oil field worker with no specific skill or training. In this work he earned from Five Hundred to Six Hundred Dollars per month. Besides the loss of wages which has been estimated will amount to more than $25,000.00 before he can once again have any substantial income, special medical expenses have amounted to $2,635.39.
As a direct result of the accident Maurice Birdwell sustained severe flesh and bony injuries of a permanent disabling nature and from which he suffered excruciating pain for many months. These consisted of a badly comminuted fracture of the femur of the left leg above and involving the knee with bony chips from the posterior lip of the distal tibia. In addition he received multiple brush burns, abrasions and flesh wounds. He was hospitalized for a total of seventy-six days and treated in traction for some months. While in the hospital he suffered a pulmonary embolism caused by phlebitis resulting from severe trauma to the large bones in the left leg. After leaving the hospital he was only partially ambulatory. As of the date of the trial, fourteen months after the accident, he was still experiencing pain and muscle spasm, necessitating treatment and a special wrap of the leg. He has sustained a one-half inch shortening of the injured leg with little motion remaining in the knee joint. According to the preponderance of the medical testimony he is permanently and totally disabled from doing any kind of physical labor.
Counsel has asked that the judgment of the trial court should be increased from $25,135.39 to $56,142.70. At the time of the accident the insurance policy which covered the Crump vehicle provided limits for personal injury of $25,000.00 for any one person and $50,000.00 for any one accident. It is our opinion plaintiff is entitled to have the award increased $10,000.00.
Accordingly, the judgment in favor of plaintiffs is amended by increasing it to the sum of Thirty-Five Thousand One Hundred Thirty-Five and 39/100 ($35,135.39) Dollars, the liability of the Southern Farm Bureau Casualty Insurance Company to be restricted to the limits of its policy, and as so amended it is affirmed, at defendants’ cost.