SOUTHERN FARM BUREAU CASUAL-
TY INSURANCE COMPANY,
Appellant,

v.

James A. MORGAN, Appellee.

No. 21304.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1964.

Frank M. Cook, Shreveport, La., for appellant.

George C. (Neil) Dixon, Nesib Nader, and Dixon & Malsch, Shreveport, La., for appellee.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

RIVES, Circuit Judge.

Morgan was on a motorcycle, with two passengers, heading north on Highway 79 in Haynesville, Louisiana. Crump, appellant's insured, was backing his truck, also pointed north, onto Highway 79 from the left side of the road. Morgan's motorcycle and the back of Crump's truck collided. Morgan and the two passengers, Birdwell and Burrow, were injured.

Birdwell and Burrow each sued appellant, Southern Farm, in a Louisiana dis-

trict court. Southern Farm defended on the ground of contributory negligence of the plaintiffs in the following particulars: (a) riding without lights after dark, (b) riding on an overloaded motorcycle, and (c) riding too fast. The state district court rejected Southern Farm's claims of contributory negligence, and rendered judgments for plaintiffs. The judgments of the trial court were ultimately affirmed [1] and writ refused by the Louisiana Supreme Court. [2]

Morgan brought this diversity action in federal district court under the Louisiana direct action statute. The case was submitted to the court without a jury solely on the transcript of the State court trial of the Burrow and Birdwell cases, and on depositions relating to damages. The district court found that any contributory negligence of Morgan had not been a proximate cause of the accident, and held for plaintiff in an opinion reported as Morgan v. Southern Farm Bureau Cas. Ins. Co., W.D.La., 1963, 223 F.Supp. 996. [3] Southern Farm appeals. Morgan, alleging that the appeal is taken solely for purposes of delay, moves for dismissal of the appeal or summary affirmance, and for damages caused by the delay.

 Morgan argues that the State court determination on the issue of contributory negligence in the suits brought by Birdwell and Burrow, binds the federal court here by collateral estoppel. Collateral estoppel, says Morgan, applies to issues that have been "settled by a court of competent jurisdiction by final judgment in other proceedings involving either the same parties or parties in privity with the same parties." For purposes of collateral estoppel, Morgan is not in privity with Birdwell and Burrow. Moreover, the issues as to contributory negligence in the case of the driver differ

from such issues in the cases of the passengers. The questions raised on appeal are not trivial, and it has not been shown that the appeal was taken merely for delay within the meaning of Fifth Circuit Rule 30. The motions for dismissal of the appeal, summary affirmance, and for damages are therefore denied.

 Southern Farm argues that the finding by the district court that Morgan's contributory negligence was not a proximate cause of the accident is clearly erroneous. This argument is insupportable. Crump's only precaution before backing onto the highway, according to his own testimony, was to look out the back window of the truck, which "wasn't nothing clear." The accident took place at twilight. There was ample testimony to support the court's finding that it was not negligence for Morgan not to have had his lights on, and that the lights, had they been turned on, would have made no difference. There was also substantial basis for the court's finding that, had Crump maintained a proper lookout before backing onto the highway, he would have seen the approaching motorcycle. With regard to the allegations that the motorcycle was overloaded and was being driven too fast, the court concluded that the accident would have occurred absent these factors, so that neither was a proximate cause of the collision and resulting injuries. The court's conclusion was based on testimony as to the distance between the motorcycle and the truck at the time the truck backed onto the highway, and calculations of required stopping distance for a motorcycle traveling at reasonable speed. We agree with the findings and conclusions of the district court.

 Southern Farm moves that the judgment be amended on appeal or remanded to the district court for amend-

---

1. Birdwell v. Southern Farm Bureau Cas. Ins. Co., La.Ct.App.1964, 160 So.2d 246; Burrow v. Southern Farm Bureau Cas. Ins. Co., La.Ct.App.1964, 160 So.2d 249.

2. Birdwell v. Southern Farm Bureau Cas. Ins. Co., 1964, 245 La. 965, 162 So.2d 14.

3. The opinions of the district court and of the Louisiana Court of Appeal are referred to for more detailed discussions of the facts and of the applicable state law.

ment on the ground that the aggregate of the judgments in the actions by Birdwell and Burrow, which have now been paid, and of that in the present action exceeds by some $1,186.10 the legal liability of Southern Farm under its policy. Without intimating an opinion as to the relief, if any, to which Southern Farm might be entitled after the proceedings have reached the present stage,[4] we think the question can be more appropriately presented to the district court by a motion filed under Rule 60(b), Fed.R.Civ.P. Southern Farm's motion that the judgment be amended on appeal or remanded to the district court for amendment is therefore denied.

We conclude that the judgment should be, and it is

Affirmed.

4. See generally Annotation on "Basis and manner of distribution among multiple claimants of proceeds of liability insurance policy inadequate to pay all claims in full," 70 A.L.R.2d 416.