**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Harold LeBROCK et al., Defendants.**

United States District Court
S. D. New York.
Aug. 23, 1965.

Llewellyn P. Young, Regional Adm'r., Seymour Glanzer, New York City, for S. E. C.

Stanley Kligfeld, New York City, for defendant LeBrock; Martin Forman, of counsel.

WYATT, District Judge.

This is a motion by defendant Harold LeBrock for an order, said to be asked under Fed.R.Civ.P. 60(b) (4) and (5), to vacate a permanent injunction entered against him in this Court on September 25, 1958.

On September 23, 1958 a complaint was filed by the Securities and Exchange Commission ("the Commission") charging numerous defendants, including movant, with certain violations of the Securities Act of 1933 (15 U.S.C. § 77a and following) and the Securities Exchange Act of 1934 (15 U.S.C. § 78a and following) in connection with the offer and sale of common stock of Canadian Javelin Limited, a Canadian corporation. On September 25, 1958 Judge Sugarman issued a permanent injunction restraining the violations charged in the complaint. Consent to the decree was entered for several of the defendants, including movant, by the law firm

of Gallop, Climenko & Gould, 30 Broad Street, New York, N. Y.

Movant's position is that the judgment is void as to him because "no in personam jurisdiction was had". Movant, who is a resident of Canada, swears that he never was served with a summons and complaint; that he never authorized the law firm to file a notice of appearance on his behalf or to consent to the decree, and that he never had any communication with that firm.

Examination of the file discloses that Mr. LeBrock was not served with a summons and complaint but that an appearance was entered on his behalf by Milton G. Gould, Esq., of Gallop, Climenko & Gould. The question becomes whether that appearance and the entry of the consent decree was authorized by Mr. LeBrock.

In opposition to the moving affidavit, the affidavit of Mr. Gould sworn to on April 3, 1965 is submitted. Attached to Mr. Gould's affidavit is a process copy of a letter under date of September 23, 1958 addressed to Mr. Gould which contains the following:

"You are authorized to act for me in the action by the Securities and Exchange Commission against Canadian Javelin Limited et al filed September 23, 1958.

"Please take all the necessary steps including if you deem necessary a consent to an injunction."

The typed name of movant "Harold LeBrock" appears below with his purported signature above. Mr. Gould swears that he is familiar with Mr. LeBrock's signature and that the signature appears to be that of Mr. LeBrock.

There is no denial by movant that the letter to Mr. Gould was sent by him and no denial of the genuineness of the document or of his signature. Under these circumstances, the claim of lack of jurisdiction and of consent is clearly without merit.

It is further contended for movant that "it is no longer equitable that the judgment shall have prospective application" because of the removal of the Canadian Javelin Limited securities from the "black list" and by "virtue of passage of time". Apparently, movant here requests the relief provided for by Fed. R.Civ.P. 60(b) (5).

There is no merit in the request. The passage of time is of course not "a clear showing of grievous wrong evoked by new and unforeseen conditions" that is required in order to vacate a permanent injunction entered by consent of the parties. United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 76 L.Ed. 999 (1932); see also Sunbeam Corp. v. Charles Appliances, Inc., 119 F.Supp. 492, 494 (S.D.N.Y.1953). The references to "removal from the black list" (apparently the reference is to a list of securities of Canadian corporations published by the Commission which the Commission believes are being distributed in the United States in violation of the Securities Act. See Kukatush Mining Corp. v. Securities and Exchange Commission, 198 F.Supp. 508, 509 (D.D.C.1961)) has nothing whatever to do with the prospective prohibitions contained in the injunction. See generally 7 Moore, Federal Practice ¶ 62.46 (4) at p. 283 (2d Ed. 1955).

The motion is in all respects denied.

So ordered.