James A. MORGAN

v.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.

Confederate Memorial Medical Center, Intervenor.

Civ. A. No. 8671.

United States District Court
W. D. Louisiana,
Shreveport Division.

March 17, 1967.

Neil Dixon, Dixon & Malsch, Shreveport, La., for plaintiff.

Frank M. Cook, Cook, Clark, Egan, Yancey & King, Shreveport, La., for defendant.

Nesib Nader, Shreveport, La., for intervenor.

BEN C. DAWKINS, Jr., Chief Judge.

OPINION ON MOTION FOR RELIEF FROM JUDGMENT

As the result of a truck-motorcycle collision February 6, 1961, three suits were filed against defendant as insurer of the truck's operator. The first two actions were filed in state district court by two passengers on the motorcycle, Maurice Birdwell and Jackie Burrow. Subsequently, James A. Morgan, the operator of the motorcycle, commenced his action against defendant in this court. Into this action Confederate Memorial Medical Center intervened for the reasonable value of its medical services furnished to James A. Morgan.

In the two state court suits, the district court rendered judgments against defendant and in favor of Birdwell and Burrow, and those judgments were affirmed on appeal.[1] The Louisiana Su-

---

[1] Burrow v. Southern Farm Bureau Cas. Ins. Co., 160 So.2d 249 (La.App.2d Cir. 1964), cert. denied, 245 La. 965, 162 So. 2d 14; Birdwell v. Southern Farm Bureau Cas. Ins. Co., 160 So.2d 246 (La.App.2d Cir.1964), cert. denied, 245 La. 965, 162 So.2d 14.

preme Court refused writs on April 1, 1964.[2] Thus on that date, the judgments in favor of Birdwell and Burrow in amounts of $25,000.00 and $1,186.10, respectively, became final.

However, at the time the *Birdwell* and *Burrow* cases were still pending on appeal, we rendered judgment in favor of plaintiff and intervenor for $25,000.00.[3] It was not until defendant's appeal from our judgment was pending that the *Birdwell* and *Burrow* judgments became final and satisfied by defendant's payment to those claimants of $26,186.10.

Since defendant's policy limit for any one accident was $50,000.00, it was obvious that if plaintiff's judgment for $25,000.00 were affirmed, the total amount recovered by all claimants would exceed the policy limit. Thus on October 21, 1964, defendant filed in the Fifth Circuit Court of Appeals a motion to amend, correct or remand for correction the judgment rendered in favor of plaintiff.

December 11, 1964, the Court of Appeals affirmed our judgment and denied defendant's motion to amend, correct or remand, stating:

" * * * Without intimating an opinion as to the relief, if any, to which Southern Farm might be entitled after the proceedings have reached the present stage, we think the question can be more appropriately presented to the district court by a motion filed under Rule 60(b), Fed.R.Civ.P. Southern Farm's motion that the judgment be amended on appeal or remanded to the district court for amendment is therefore denied." [4]

On January 29, 1965, plaintiff and intervenor were paid by defendant $23,-813.90 plus interest and costs. In signing a release for that amount, however, plaintiff and intervenor expressly reserved their rights concerning the dis-

puted $1,186.00 in excess of defendant's policy limits.

On November 22, 1966, nearly two years after affirmance of our judgment by the Court of Appeals, defendant filed the present motion for relief from judgment under Rule 60(b). Plaintiff resists the motion on the following grounds: (1) the motion for relief was not timely filed, and (2) even if timely filed, the motion for relief is without merit.

*Timeliness of Defendant's Motion*

Rule 60(b) provides, in pertinent part:

"(b) * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud * * * misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment * * * was entered or taken * * *"* (Emphasis supplied.)

In moving for relief from judgment under Rule 60(b), defendant has not apprised us upon which of the six clauses it relies for relief. In view of plaintiff's objection as to lack of timeliness, he urges that we must categorize defendant's motion in order to apply the proper

2. Ibid.

3. Morgan v. Southern Farm Bureau Cas. Ins. Co., 223 F.Supp. 996 (W.D.La. 1963), aff'd, 339 F.2d 755.

4. 339 F.2d at 757.

"reasonable time" test. Obviously, if defendant's motion is classified as one under clauses (1), (2) or (3), it must be denied because the Rule clearly fixes one year as the maximum time within which such a motion may be asserted. If the motion is based upon clauses (4), (5) or (6), we must determine whether a period in excess of twenty-three months is a reasonable time under Rule 60(b). There is no doubt of the inapplicability of clauses (3) and (4) because no allegation of fraud or misconduct exists, and our judgment is certainly not void.[5]

Plaintiff contends that defendant's motion should be considered as one filed under clause (2), based upon discovery of new evidence. Plaintiff reasons that since defendant's motion is based upon the finality of the state court judgments causing our judgment to expose defendant to excess liability, and since such finality occurred only after rendition of our judgment, it constitutes "new evidence" within the meaning of clause (2). Being a motion under clause (2) and filed more than one year after judgment, plaintiff urges lack of timeliness.

We conclude that it is actually unnecessary under the facts of this case to determine the exact clause upon which defendant relies. Whether defendant relies on clauses (1), (2), (5) or (6) is of little importance because we conclude that under any of the clauses, defendant has not asserted its motion within a reasonable time.

In arriving at this decision, we note that the burden is upon the movant under Rule 60(b) to show good reason for its failure to act sooner.[6] Here defendant has neglected to act for nearly two years and yet offers no reason or excuse whatsoever for the delay. Being of the firm opinion that twenty-three months is not a reasonable time under Rule 60(b), defendant's motion for relief from judgment must be denied.[7]

In view of our conclusion on the issue of timeliness, we need not consider the merits of the motion. Plaintiff is directed to prepare and present an appropriate decree for signature.

---

5. In 3 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) § 1327 (1960), it is said:
   "A judgment is not void merely because it is erroneous. It is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

6. Id., at § 1330, and especially the cases cited under footnote 75.1.

7. Cf. Mayfair Extension Inc. v. Magee (1957) 100 U.S.App.D.C. 48, 241 F.2d 453; Kahle v. Amtorg Trading Corp. (1952) 13 F.R.D. 107; Sunbeam Corp. v. Charles Appliances (D.C.N.Y.1953) 119 F.Supp. 492; Gilmore v. Hinman (1951) 89 U.S.App.D.C. 165, 191 F.2d 652; Marquette Corp. v. Priester (D.C. S.C.1964) 234 F.Supp. 799.