HEARD, Judge.
This action for damages was filed by Mrs. Aline Gill, individually and as natural tutrix of her minor son, Leonard, Jr., for personal injuries sustained by him in a motorcycle-pickup truck collision. Made defendant was Leonard L. Reeves, driver of the pickup.
The accident occurred about 3:00 o’clock P.M., November 14, 1971, at the intersection of Dorcheat Road (Louisiana Highway No. 3008) and Mount Comfort Road near Minden, Louisiana. Dorcheat Road is a two lane black top road running north-south, while Mount Comfort Road is a two lane east-west gravel road. At some distance south of this intersection the highway tops a hill. Prior tO’ the accident, Leonard Gill was driving his 175 CB Honda Motorcycle northerly on Dorcheat Road, accompanied by a passenger, Calvin Washington, riding on the seat behind him. Reeves was driving his 1967 Chevrolet pickup south on Dorcheat Road and turned left into Mount Comfort Road. Plaintiffs claim Reeves then negligently backed his truck across the intersection into the path of the oncoming motorcycle. Reeves denied any liability, alleging the accident was the result of Gill’s sole negligence, and alternatively, that Gill was contributorily negligent. The trial court found the accident was caused by the sole negligence of Reeves and rendered judgment in favor of Mrs. Gill as natural tutrix, for $8,000 and $1,918.90 special damages to her individually. Reeves appealed devolutively.
On appeal, defendant has limited his specifications of error by the trial court on the issue of liability to its failure to find Gill contributorily negligent in that he was traveling at an excessive rate of speed and was inattentive. In the alternative, he contends quantum for damages is excessive and should be reduced to not more than $3,000.
From the evidence presented, it is clear that Reeves was negligent in backing his truck into the path of the oncoming motorcycle. His testimony is that he turned into Mount Comfort Road, stopped and looked both north and south (the latter was an unobstructed view for about 400 feet). Not seeing any vehicles, he then put his truck into reverse and began his slow backing maneuver. He was look *475 ing back through the rear window at his father-in-law and did not look again in either direction after he started. He neither heard nor saw the cycle until the impact, even though, by his own estimate, it skidded some 230 feet, or over half of his admittedly unobstructed view to the south, to the point of impact. Both Gill and Washington testified that Gill tried to avoid the accident by going into the wrong lane of traffic, but defendant continued backing. Had Reeves been more attentive he would have seen what he should have seen and thus could have stopped his backing maneuver and avoided the accident. Birdwell v. Southern Farm Bureau Casualty Insurance Company, 160 So.2d 246 (La.App., 2d Cir. 1964).
Defendant has not, however, proven Gill contributorily negligent for the alleged reasons. Both Gill and Washington stated they were traveling 45-50 miles per hour, which was confirmed by the testimony of the investigating officer and the physical evidence. Reeves neither saw nor heard the cycle until the impact, and any estimate he gave would be pure speculation. Arrie P. Monzingo, defendant’s father-in-law, stated the cycle was going 60-70 miles per hour, but his estimation was discounted as was that of Ricky Jones who also stated he saw the cycle go past him at 60-70 miles per hour some three miles from the intersection. The trial court heard and observed the witnesses and properly weighed their testimony.
Neither has Reeves proven Gill was inattentive. Both Gill and Washington testified they saw the truck some 200 feet from the intersection. They thought he was going to proceed down Mount Comfort Road and not back out into their path. When they saw him back 'out, Gill put on his brakes, and attempted to go behind the truck into the oncoming lane of traffic. The physical evidence also supports their testimony.
Defendant’s second specification of error is directed at the amount of damages awarded. We find plaintiff proved her special damages of $1,918.80 as stated by the trial judge. Thus, this question is limited to the amount awarded for the personal injury, pain and suffering of Leonard Gill, Jr. As a result of the accident, Gill suffered a severely comminuted fracture involving the distal portion of the right tibia at the ankle joint, and also the distal portion of the right fibula, as well as a skinned right hand and bruised right leg. The bone was broken in such a manner that Dr. Baer I. Rambach, orthopedic surgeon, could not use routine methods of stabilizing the bone with screws or rods, but had to use wire, which was the only way to pull the bone back together. It was a difficult operation. Shortly before trial, Gill underwent a skin graft to correct a portion of the incision which never healed. He remained in the hospital for eight days following the accident, was home abed about three months and walked only with crutches until May 4, 1972.
In his deposition, Dr. Rambach further stated injury was done to the epiphysis, or growth center, of Gill’s right tibia, which is a serious injury, especially for a child. Dr. Rambach did not expect Gill to have any major deformity, but did expect him to have one leg one-quarter to one-half inch shorter than the other, and the involved foot will have a tendency to turn out at the heel more pronouncedly than the other. The chances of his having an arthritic process in the ankle of the involved extremity are, in all probability, greater than if he had not been injured. In the doctor’s opinion Gill will have about a twenty-five percent disability in the leg. In our opinion, the $8,000 awarded by the trial court for the injuries described is not excessive.
For the reasons stated, the judgment appealed is therefore affirmed at defendant-appellant’s cost.