**Linda LEPORE**

v.

**Kurt RAMSEY, et al.**

**Civ. No. JFM–89–2037.**

United States District Court,
D. Maryland.

May 6, 1993.

Patrick O'Doherty, and André R. Weitz-man, Baltimore, MD, for plaintiff.

Leonard E. Cohen, Mary E. Pivec, Frank, Bernstein, Conaway & Goldman, Baltimore, MD, for defendants.

## MEMORANDUM

MOTZ, District Judge.

**I**

This action was originally instituted by Linda Lepore against Kurt Ramsey, Donald Alexander and Westinghouse Electric Corporation in the Circuit Court for Baltimore City. Plaintiff asserted claims for intentional infliction of emotional distress, defamation and invasion of privacy. Defendants removed the action to this court on the ground that plaintiff's claims were barred by Section 301 of the Labor Management Relations Act of 1947. 29 U.S.C. § 185(a) (1988). Plaintiff filed a motion to remand the action to the Circuit Court for Baltimore City.

On April 3, 1990, Judge Joseph Howard—to whom the case was then assigned—issued a memorandum and order finding that most of plaintiff's claims were preempted and that others were not actionable under Maryland law.[1] However, he found that one claim—based upon a theory of invasion of privacy

---

1. The case was subsequently transferred from Judge Howard to Judge Legg. Because of an imbalance in caseload, I am deciding the pending motion for Judge Legg.

prohibiting the public disclosure of private facts—was not preempted, and he remanded that claim. Both parties appealed. The Fourth Circuit affirmed Judge Howard's rulings as to all of the claims which he found to be preempted or non-actionable under Maryland law. It found Judge Howard's remand order of the sole remaining claim to be unreviewable under 28 U.S.C. Section 1447(d), as interpreted by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), and *Volvo Corp. of America v. Schwarzer,* 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976).

After the Fourth Circuit had ruled, the case was returned to the district court for remand to the state court. However, before the remand actually occurred, defendants filed a motion for costs. The clerk of the court granted the motion, the district court denied plaintiff's motion for a review of the clerk's decision and plaintiff appealed that decision to the Fourth Circuit. While that appeal was pending, defendants filed a motion pursuant to Fed.R.Civ.P. 60(b), seeking relief from Judge Howard's original order remanding the one claim to the Circuit Court for Baltimore City. That motion is now pending before the court.[2]

## II.

Fed.R.Civ.P. 60(b)(1) authorizes the court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." It has been held that the term "mistake" as used in the rule comprehends an error of law made by the district court which becomes manifest by a change in, or clarification of, the law subsequent to the court's decision. *See United States v. Williams,* 674 F.2d 310, 312–13 (4th Cir.1982); *Tarkington v. United States Line Co.,* 222 F.2d 358, 360 (2d Cir.1955); *but see Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). However, "[w]here the motion is nothing more than a request that the district court change its mind, ... it is not authorized by Rule 60(b)." *Williams,* 674 F.2d at 313.

A motion under Rule 60(b)(1) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Defendants filed their Rule 60(b) motion on November 9, 1992, well beyond one year after Judge Howard's original order that was entered on April 3, 1990. Defendants argue, however, that "where, as here, the error in the District Court's opinion was not apparent until after an appellate court decision, the one year period runs from the effective date of that decision."[3]

There are two fallacies in this argument. First, defendants' premise that Judge Howard committed an error which was not apparent until after the Fourth Circuit's decision in this case is incorrect. The mistake which defendants contend Judge Howard made was his holding that plaintiff's claim based upon the alleged public disclosure of private facts was not preempted. Nothing in the Fourth Circuit's opinion on the appeal of Judge Howard's order made this error apparent. To the contrary, the Fourth Circuit declined to address the issue, finding itself precluded from doing so by 28 U.S.C. Section 1447(d).[4]

---

2. The Fourth Circuit has now affirmed the order taxing costs against plaintiff.

3. The Fourth Circuit's opinion affirming Judge Howard's April 3, 1990 order was entered on October 7, 1991, more than one year before defendants' Rule 60(b) motion was filed. However, the mandate effecting that opinion was not issued until November 12, 1991, less than one year before the filing of the Rule 60(b) motion. Plaintiff has not argued that the one year period should begin to run from the date that the Fourth Circuit's opinion was entered, and I will assume (as seems proper) that if the clock starts to run from the date of the appellate decision, it is the issuance of the mandate that is the triggering event.

4. One "error" which the Fourth Circuit's opinion did make apparent was defendants' own mistake in believing that they could obtain appellate review of Judge Howard's remand order. Another error which the Fourth Circuit mentioned was a statement made by Judge Howard, in remanding the remaining claim to the Circuit Court, that he lacked jurisdiction over it. Citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (now codified as 28 U.S.C. Section 1367), the Fourth Circuit stated that "the district court clearly had pendent jurisdiction over the claim it remanded." However, the Fourth Circuit's statement itself is enigmatic. Indeed, unless it is itself erroneous, it undermines defendants' fundamental claim that the claim which Judge Howard remanded is

Second, Rule 60(b)(1) fits more comfortably with other related Federal Rules if it is read as requiring motions for relief from judgment based upon a change in the law to be filed after the district court's judgment rather than after the final appellate decision reviewing that judgment. While the Federal Rules do provide an opportunity for a losing party to seek corrective relief after a judgment has been entered, they respect the need for a finality of judgment and require that post-judgment motions be filed within set time frames of relatively short duration. For example, Fed.R.Civ.P. 52(b) requires that a motion to amend or supplement factual findings made by the court in a non-jury case be filed within ten days after the entry of judgment. Fed.R.Civ.P. 59(e) likewise requires that a motion to alter or amend a judgment be made within ten days after the entry of the judgment. Fed.R.App.P. 4(a) requires that a notice of appeal be filed within thirty days of the district court's judgment (or within thirty days of the district court's ruling of a Rule 52(b) or 59(e) motion if such a motion is filed).

Rule 60(b)(1), as construed by the Fourth Circuit and other courts which read its term "mistake" as encompassing legal error, supplements the foregoing rules by permitting relief from a judgment if a material change of the law occurs after the judgment is en-

tered. However, to avoid conflict between Rule 60(b)(1) and Fed.R.App.P. 4(a), it is generally held that a Rule 60(b)(1) motion based upon a legal mistake must be filed within the period for filing an appeal. *See, e.g., United States v. Real Property & Residence,* 920 F.2d 788, 791–92 (11th Cir.1991); *D.C. Federation of Civic Ass'ns v. Volpe,* 520 F.2d 451, 453 (D.C.Cir.1975); 7 Moore's Federal Practice ¶ 60.22[4], at 60–195 (1993). The only exception which has been engrafted to this rule applies where a timely notice of appeal has been filed and the change in the law occurs within one year of the entry of the district court's judgment.[5] In that case the moving party may file a Rule 60(b)(1) motion in the district court and request the court of appeals to defer its decision until the district court has acted on the motion. *See Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 932 (5th Cir.1976); 7 Moore's Federal Practice ¶ 60.22[3], at 60–186 (1993).[6]

Thus applied, Rule 60(b)(1) provides a means for making the judicial system work effectively without interfering with a prevailing party's reasonable expectation that the judgment in his favor has become final after the appeal period has expired or, in the event of appeal (during the pendency of which his interests are protected by the requirement that a bond be posted), after the appeal has been decided. This is wholly consonant with

---

preempted by Section 301. To say that a district court has pendent jurisdiction over a state law claim necessarily assumes the existence of the state law claim, and a state law claim does not exist if it has been preempted. Thus, a close reading of the Fourth Circuit's opinion would seem to mandate the conclusion that the Fourth Circuit found that the remaining claim had not been preempted. I note, however, that while this analysis is correct as a matter of pure logic, I am not inclined to believe that the Fourth Circuit, which found itself precluded by 28 U.S.C. Section 1447(d) from addressing the preemption question, intended to decide that question implicitly by an off-handed remark concerning the district court's pendent jurisdiction. It is more likely that what the court meant to say was that *if* Judge Howard was correct in concluding that the claim in question was not preempted, he had pendent jurisdiction over it. I further note that nothing in my opinion should be read as suggesting that the remanded claim is not preempted. To the contrary, I urge the Circuit Court for Baltimore City to revisit that question in light of the Fourth Circuit's decision in *McCormick v. AT*

*& T Technologies, Inc.,* 934 F.2d 531 (4th Cir. 1991) and its progeny.

5. Defendants do not deny that a district court has jurisdiction to accept a Rule 60(b) motion while an appeal is pending. Indeed, they could not do so since they filed their own Rule 60(b) motion while an appeal of the costs issue was pending in the Fourth Circuit.

6. An ancillary point should perhaps be noted. The filing of a Rule 60(b)(1) does not toll the running of the period for filing a notice of appeal. *See, e.g., Center For Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n,* 781 F.2d 935, 940 (D.C.Cir.1986); *Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 111–12 (7th Cir.1985). Therefore, a party benefitted by a change in the law occurring during the thirty-day period established by Fed.R.App.P. 4(a) should file both a notice of appeal and a Rule 60(b)(1) motion and then file a motion in the court of appeals requesting a deferral of appellate decision until the Rule 60(b)(1) motion has been ruled upon by the district court.

the purpose of the Federal Rules of expediting litigation without unnecessary expense and delay. *See* Fed.R.Civ.P. 1; *but see Center For Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n,* 781 F.2d 935, 939–40 (D.C.Cir.1986) (court questions whether Rule 60(b) will eliminate needless appeals because it is likely that the party that loses the Rule 60(b) motion will appeal that decision). However, it would be disruptive and unsettling to interpret Rule 60(b)(1) as meaning that motions for relief from judgment can be filed within one year of the entry of a judgment whenever a party believes that a subsequent change in the law indicates that the district court made a legal mistake. Such an interpretation would provide a means for circumventing the thirty-day deadline set by Fed.R.App.P. 4(a) for filing a notice of appeal and keep "final" judgments in suspense for a period of one year after they are entered (either initially or after an appeal has been decided). *See Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 840–41 (11th Cir.1982).

Defendants cite only two cases, *Southern Fireproofing Co. v. R.F. Ball Constr. Co.,* 334 F.2d 122 (8th Cir.1964) and *Morgan v. Southern Farm Bureau Cas. Ins. Co.,* 42 F.R.D. 25 (W.D.La.1967), to support their reading of Rule 60(b). Neither of these cases contains even a cursory analysis of the issues involved. In *Southern Fireproofing* the Eighth Circuit "merely suggest[ed], without expression of opinion," that the appellant might be able to obtain relief under Rule 60(b) as to a small item of damages which the district court may have overlooked in writing an extensive opinion on more weighty matters. In *Morgan* the district court, in denying a Rule 60(b) motion, merely noted that the motion was filed twenty-three months after the Fifth Circuit had rendered its decision on appeal. Obviously, in light of the fact that the motion clearly was untimely even assuming that the date of the appellate decision triggered the running of the one-year period, the district court was not required to grapple with the question of when the one-year period did begin to run.

## III.

Defendants also contend that they are entitled to relief under subsections (5) and (6) of Rule 60(b), to which the one-year time limit does not apply. Neither of these arguments is meritorious.

### A.

█ Subsection (5) permits relief from a prior judgment where it is no longer equitable that the judgment should have prospective application. "The standard to be applied in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves the 'supervision of changing conduct or conditions,'...." *Schwartz v. United States,* 129 F.R.D. 117, 122 (D.Md.1990) (quoting *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir.1988)). In this case, defendants contend that Judge Howard's judgment has prospective application because the remand order has not yet been effectuated.

Defendants have not cited any cases where Rule 60(b)(5) was employed to block an impending remand order. Rather, Rule 60(b)(5) is normally employed in cases where the court has issued an injunction or a prior judgment requiring ongoing supervision of the parties. *See* 7 Moore's Federal Practice ¶ 60.26[4] (1993). As the court in *Schwartz* noted, "[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense some prospective effect.... [H]owever, [that] does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." 129 F.R.D. at 122. In every case where a judgment is appealed and thereafter returned to the district court, further clerical action is required. That alone is certainly not sufficient to trigger Rule 60(b)(5).

### B.

█ Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion "must be based upon some reason other than those stated in clauses (1)–(5)...." 7 Moore's Federal Practice ¶ 60.-

27[1], at 60–266 (1993). Thus, "[it] is well established that the change in decisional law is not grounds for relief from judgment under Rule 60(b)(6)." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 774 F.Supp. 996, 1001 (S.D.W.Va.1991).

For these reasons defendant's motion for relief from judgment is denied.