# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2010

No. 09-20430
Summary Calendar

Lyle W. Cayce
Clerk

FENGHUI FAN,

Plaintiff-Appellant

v.

VICKI BREWER, Principal Designated Student Officer, University of Texas
Medical Branch; UNIVERSITY OF TEXAS MEDICAL BRANCH GRADUATE
SCHOOL; DAVID CALLENDAR, Doctor, University of Texas Medical Branch,
President; CARY COOPER, Doctor, University of Texas Medical Branch
Graduate School Dean; DORIAN COPPENHAVER, Doctor, University of Texas
Medical Branch Graduate School Associate Dean,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3524

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fenghui Fan, who is a native of China, entered the United States on a
student visa and became a Ph.D. student at the University of Texas Medical
Branch (UTMB).   Fan was academically dismissed after he received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unsatisfactory grades in two courses. Vicki Brewer, whom Fan identifies as the Principal Designated Student Officer (PDSO) at the University of Texas Medical Branch, then made an entry in the database of the Student Exchange and Visitors Information System (SEVIS) reflecting Fan's changed academic status. Fan was subsequently taken into custody by immigration officials and was placed in removal proceedings.

Fan then filed a civil rights complaint against Brewer seeking injunctive relief in the form of changes to his grades, revocation of his academic dismissal, and updates to his SEVIS record to reflect that he was still a student. Fan also demanded that he be awarded $500,000 in compensatory damages for termination of his study toward a Ph.D.

The district court dismissed the action. It determined that Brewer had been sued in her official capacity and that she was entitled to Eleventh Amendment immunity on Fan's claims for monetary damages and on his claims for retrospective injunctive relief. As to Fan's other federal law claims, the district court determined that Fan had failed to state a claim on which relief could be granted. The district court also denied Fan's motion to add defendants.

Fan now appeals the dismissal of his claims against Brewer. Giving liberal constriction to Fan's pro se brief, we also understand him to appeal the denial of his motion to add defendants, which the district court implicitly treated as a motion to amend the complaint.

A district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is subject to de novo review. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555

(quotation marks, citations, and footnote omitted). A district court does not abuse its discretion in denying leave to amend if allowing amendment of the complaint would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). This court determines futility by applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quotation marks and citations omitted).

Fan argues that, because UTMB received federal funding, none of the defendants has immunity under the Eleventh Amendment. A state is not immune under the Eleventh Amendment from suit in federal court for a violation of, "title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7(a)(1). However, Fan, who claims that he was discriminated against on account of his national origin, has not shown that he has stated a claim on which relief could be granted under Title VI or under VII of the Civil Rights Act of 1964. *See Twombly*, 550 U.S. at 555. To the extent that Fan argues that he is entitled to relief under the Equal Protection Clause for discrimination based on his national origin, his claims fail under the same analysis applicable to his Title VII claim. *See Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007). Fan's claims against Brewer are based on her actions in updating the SEVIS database to reflect his academic dismissal. Because Brewer was merely fulfilling her duty under federal law to update the SEVIS database, *see* 8 C.F.R. § 214.3(g)(1)(vi), Fan's claim for violation of the "Border Security Act" fails to state a claim on which relief may be granted; moreover, the claim is legally frivolous because it is based on an indisputably meritless legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To the extent that Fan asserts other federal law claims against Brewer, his conclusory allegations fail to state a claim on which relief an be granted. *See Twombly*, 550 U.S. at 555.

Finally, Fan argues that his unsatisfactory grades were not based on his academic performance and achievements. He argues that the district court erred in dismissing his due process challenges to his grades and his academic dismissal, and he claims that his rights to "free association and free assembly" under the First Amendment were violated.

Fan's complaint shows that he received hearings at which he appealed his grades and that he was also afforded a hearing regarding his academic dismissal. The procedures afforded Fan were more than sufficient to satisfy applicable due process standards. *See Board of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 85-86 (1978); *Davis v. Mann*, 882 F.2d 967, 973-75 (5th Cir. 1989). Fan has not shown error in the district court's dismissal of his First Amendment claim. *See Regents of University of Michigan v. Ewing*, 474 U.S. 214, 226 (1985).

The judgment of the district court is affirmed. Brewer's motion for summary affirmance and to stay the briefing deadlines is denied. *See Southern Farm Bureau Cas. Ins. Co. v. Morgan*, 339 F. 2d 755, 756 (5th Cir. 1964). All other outstanding motions are also denied.

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE DENIED; ALL OTHER OUTSTANDING MOTIONS DENIED.