201 So.2d 771 (1967)
Edna WEED, Appellant,
v.
Owen BILBREY, Sr., Gladys Bilbrey, Owen Bilbrey, Jr., Phyllis Bilbrey, James E. Thompson, Jr., and Paula Thompson, d/b/a Owen Bilbrey Fruit Company, and James E. Thompson, Jr., Individually, Appellees.
No. 7204.
District Court of Appeal of Florida. Second District.
July 14, 1967.
Rehearing Denied September 15, 1967.
Peter G. Kalogridis, Winter Haven, Robert Orseck of Podhurst & Orseck, and *772 Nichols, Gaither, Beckham, Colson, Spence & Hicks, Miami, and Bill Wagner of Wagner, Cunningham & Vaughan, Tampa, for appellant.
John W. Boult of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellees.
HOBSON, Judge.
Wayne Weed, deceased husband of appellant was injured and subsequently died as the result of a collision between his airboat which he was operating and an airboat owned by the appellees and operated by the appellee James E. Thompson, Jr. The accident occurred on the Kissimmee River, a navigable body of water in Polk County, Florida.
The appellant, plaintiff below, brought two suits against the appellees, defendants below: (1) as administratrix to recover damages for the pain and suffering of her husband, Wayne Weed, prior to his death, pursuant to Florida Statute 45.11, F.S.A., and (2) for damages for the wrongful death of her husband, pursuant to Florida Statutes 768.01 and 768.02, F.S.A. These causes were consolidated for trial. In the wrongful death action the trial court ruled that the defendants were entitled to assert as a complete defense the contributory negligence of the deceased, Wayne Weed. In the survival action the trial court ruled that the partial defense of comparative negligence was applicable as provided under Admiralty Law.
After appropriate instructions by the trial court as to the complete defense of contributory negligence in the wrongful death action and as to the partial defense of comparative negligence in the survival action the jury returned a verdict for the plaintiff in the survival action and against the plaintiff in the wrongful death action. The appellant has appealed the final judgment entered against her in the wrongful death action.
The sole point on appeal is as follows:
WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE ABSOLUTE DEFENSE OF CONTRIBUTORY NEGLIGENCE  RATHER THAN THE PARTIAL ADMIRALTY DEFENSE OF COMPARATIVE NEGLIGENCE  WAS APPLICABLE IN AN ACTION FOR WRONGFUL DEATH BROUGHT UNDER THE FLORIDA WRONGFUL DEATH STATUTE, WHERE THE SUIT WAS PREDICATED UPON A MARITIME TORT COMMITTED ON NAVIGABLE WATERS WITHIN THE STATE OF FLORIDA.
The parties agree and our research confirms that there is no reported case wherein any Florida appellate court has determined this point of law.
There is no cause of action for wrongful death arising out of a maritime tort in the absence of an applicable statute. The Death on the High Seas Act, 46 U.S.S.A., Section 761 et seq., is not applicable because the accident occurred upon the territorial waters of the State of Florida. The Jones Act, 46 U.S.C.A. Section 688, is not applicable because Wayne Weed was not a seaman.
In The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524, the Supreme Court of the United States restated the law applicable in the case of the death of a non-seaman on navigable waters within a state.
Tungus held that under such conditions the wrongful death act of the state involved applies and the provisions of such act determine whether or not admiralty principles and maritime law prevail or whether rules of the state applicable to tort law apply.
Therefore, we must turn to the Wrongful Death Statute of the State of Florida, Florida Statute 768.01, F.S.A., to determine *773 the point of law involved in this appeal. Florida Statute 768.01(1), F.S.A. provides:
"Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default, of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony." (emphasis added)
The Florida Wrongful Death Statute was originally enacted in 1883. In 1915 the statute was amended to add those portions emphasized above.
In Holley v. The Mansfred Stansfield, 4th Cir.1959, 269 F.2d 317, the court, in an astute opinion by Chief Judge Sobeloff, held that under the Virginia Wrongful Death Act[1] the admiralty doctrine of comparative negligence applied in the case of a wrongful death on the navigable waters of Virginia. The Virginia wrongful death statute is indeed quite similar to that of Florida. In the Holley case, supra, on page 320 the court stated:
"* * * It is noteworthy that the Virginia statute specifically covers, among other things, `wrongful acts or defaults of any ship or vessel' and speaks of the right `to proceed in rem against the ship or vessel'  a procedure available only in admiralty. It is too obvious to escape attention that the statute was drafted by one well versed in admiralty law. * * * Basically, it provides that if death is caused by an act which would have entitled the injured party to maintain an action, then the person who would have been liable for the injury will continue to be liable notwithstanding the death of the person injured. Undeniably, had Holley survived, the admiralty rule would have governed under which contributory negligence merely reduces the damages."
Our statute, like Virginia's, preserves all rights which the decedent would *774 have had if his injuries had not proved fatal. The law is well settled that had Wayne Weed lived the admiralty rule of comparative negligence would have been applicable in an action brought for damages in our state court. Indeed, such rule was correctly applied in the appellant's survival action under Florida Statute § 45.11, F.S.A. See Cashell v. Hart, Fla. App. 1962, 143 So.2d 559; Judy v. Belk, Fla.App. 1966, 181 So.2d 694; and Kermarec v. Compagnie General Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550.
Notwithstanding prior decisions of the United States Court of Appeals for the Fifth Circuit to the contrary, the Supreme Court of Texas in Vassallo v. Nederl-Amerik Stoomv Maats Holland, 1961, 162 Tex. 52, 344 S.W.2d 421, held that under the Texas wrongful death statute comparative negligence and not contributory negligence was applicable. The Texas statute, unlike Florida's, does not mention actions in rem against the vessel or in personam against the owners; it merely preserves rights which the decedent would have had if his injuries had not proved fatal.
The decisions on the point involved herein are too numerous to discuss. However, it is apparent that the weight of authority is that the admiralty substantive law is applicable under wrongful death statutes which preserve the rights that the decedent would have had if his injuries had not proved fatal.[2] This is so even though many of the wrongful death statutes do not specifically cover wrongful acts or defaults of any ship or vessel nor speak of the right of action in rem against the ship or vessel or in personam against the owners thereof.
We are not unmindful that the United States Court of Appeals for the Fifth Circuit has held that under the Florida Wrongful Death Statute the substantive common law and not that of the general maritime law applies in actions for wrongful death of a non-seaman arising out of an accident occurring upon the navigable territorial waters of the State of Florida. See Graham v. A. Lusi Limited, 5th Cir.1953, 206 F.2d 223 and Emerson v. Holloway Concrete Products Co., 5th Cir.1960, 282 F.2d 271. It is noted that Judge Brown in the Emerson case, supra, wrote an excellent and well reasoned dissent.
We specifically reject the interpretation placed upon the Florida Wrongful Death Act by the Graham and Emerson cases, supra.
We hold that under the clear and unambiguous wording of the Florida Wrongful Death Statute, Fla. Stat. 768.01, F.S.A., the admiralty rule of comparative negligence is applicable and preserves to the appellant in this case those rights *775 which the decedent would have had if his injuries had not proved fatal.
For the reasons set forth above, the final judgment is reversed and the cause remanded for new trial.
SHANNON, Acting C.J., and WILLIS, ROBERT E., Associate Judge, concur.
NOTES
[1] Code of Virginia. "Article 3. Death by Wrongful Act. § 8-633. Action for death by wrongful act.  Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, or to proceed in rem against such ship or vessel or in personam against the owners thereof of or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony. * * *"
[2] These are some of the jurisdictions and supporting citations: California: Curry v. Fred Olsen Lines, 367 F.2d 921 (9th Cir.1966); Louisiana: Grigsby v. Coastal Marine Lines, 235 F. Supp. 97 (W.D.La. 1964); Maryland: Maryland ex rel. Smith v. A/S Nabella, 176 F. Supp. 668 (D.C.Md. 1959); Maryland ex rel. Gladden v. Weyerhaeuser S.S. Co., 176 F. Supp. 664 (D.C.Md. 1959); and Metzger v. S.S. Kirsten Torm, 245 F. Supp. 227 (D.C. Md. 1956); New Jersey: United New York & New Jersey Sandy Hook Pilots Association v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959); Petition of Marina Mercante Nicaraguense, S.D., 248 F. Supp. 15 (S.D.N.Y. 1965); and The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524; New York: Cunningham v. Rederiet Vindeggen, A/S, 333 F.2d 308 (2d Cir.1964); Clark v. Ieeland S.S. Co., 6 A.D.2d 544, 179 N.Y.S.2d 708, (1st Dept. 1958) and Olsen v. New York Central Railroad Co., 341 F.2d 233, (2d Cir.1965); Oregon: Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); South Carolina: Anthony, Adm. v. International Paper Co., 289 F.2d 574 (4th Cir.1961); and West Virginia: Union Carbide Corp. v. Goett, 278 F.2d 319 (4th Cir.1960), cert. den. 364 U.S. 824, 81 S.Ct. 64, 5 L.Ed.2d 55.