215 So.2d 479 (1968)
Owen BILBREY, Sr., Gladys Bilbrey, Owen Bilbrey, Jr., Phyllis Bilbrey, James E. Thompson, Jr., and Paula Thompson, D/B/a Owen Bilbrey Fruit Company, and James E. Thompson, Jr., Individually, Petitioners-Appellants,
v.
Edna WEED, Respondent-Appellee.
Nos. 36828, 36841.
Supreme Court of Florida.
July 24, 1968.
Rehearing Denied December 2, 1968.
*480 John W. Boult and Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for petitioners-appellants.
Robert Orseck, Podhurst & Orseck, Miami, Wagner, Cunningham & Vaughan, Tampa, and Peter G. Kalogridis, Winter Haven, for respondent-appellee.
PER CURIAM.
Petition for writ of certiorari has been granted in this cause to review a decision of the District Court of Appeal, Second District,[1] which reversed a judgment for defendant, the petitioner Bilbrey, in an action for wrongful death under F.S. Sec. 768.01, 768.02, F.S.A. A companion appeal presenting the same substantive issues in this Court has been consolidated for disposition with this proceeding.
The appellate court held that defendants were not entitled to assert contributory negligence as a bar to recovery, because the Florida act "preserves all rights which the decedent would have had if his injuries had not proved fatal" and required application of the comparative negligence rule which would have been available to decedent in an admiralty action. Certiorari was granted on the ground of conflict with opinions stating that the Florida act creates an entirely new cause of action, in an entirely new right, for the recovery of damages suffered by the beneficiaries, not the decedent.[2]
*481 We believe the recent decision and opinion of this Court in Moragne et al. v. State Marine Lines, Inc.,[3] require that the appellate decision in the present case be quashed.[4] Rejection of the maritime rule of liability for unseaworthiness in an action for wrongful death, upon the reasoning detailed in the Moragne opinion, is impossible to reconcile with application of the maritime rule of comparative negligence in the present case.
The decision of the appellate court in this case is accordingly quashed and the cause remanded with directions that the trial court be affirmed.
CALDWELL, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.
MASON, Circuit Judge, concurs specially with opinion.
MASON, Circuit Judge (concurring specially):
After we granted certiorari herein this Court decided the case of Moragne, etc. v. State Marine, Inc., et al., 211 So.2d 161, opinion filed May 29, 1968, and I am of the opinion that the principles set forth therein are controlling and decisive of this cause. I, therefore, concur in the majority opinion herein for the sole reason that I believe that we are bound by that decision. Although I believe that Moragne was wrongly decided I consider the law therein announced to be binding upon me in the disposition of this case. Uniformity of decision in jurisprudence and jurisdiction, and the basic concept of equal justice under law, require the result reached in the majority opinion herein.
NOTES
[1] Weed v. Bilbrey, Fla.App. 1967, 201 So.2d 771.
[2] Florida East Coast Ry. Co. v. McRoberts, 1933, 111 Fla. 278, 149 So. 631, 633:

"* * * [T]he Florida Death By Wrongful Act Statutes, do not purport to transfer to the statutory representatives of a person killed by another's wrongful act the right of action which the injured party might have maintained for his injury had he lived, but those sections give to such statutory representatives, subject to the terms, conditions, and limitations of the statute, a totally new right of action for the wrongful death, and that on different principles."
See also Parker v. City of Jacksonville, Fla. 1955, 82 So.2d 131. Cf. Shiver v. Sessions, Fla. 1955, 80 So.2d 905, holding personal defenses against decedent to be inapplicable in an action under the statute, the opinion stating however that the statutory action would be "subject to the defenses of contributory negligence and the like which the tort feasor could have pleaded in a suit against him by the decedent during his or her lifetime."
[3] Opinion filed May 29, 1968, 211 So.2d 161.
[4] Seaboard Air Line Railroad Company v. Williams, Fla. 1967, 199 So.2d 469.