No. 1109, October Term, 1968. WEED *v.* BILBREY ET AL., 394 U. S. 1018, 395 U. S. 971, and 397 U. S. 930. Motion for leave to file third petition for rehearing denied. THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN took no part in the consideration or decision of this motion.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

This suit grows out of the death of Mrs. Weed's husband in Florida. He was killed while on navigable waters within the State. She recovered nothing in her action for wrongful death because the trial court found her husband had been negligent and applied the Florida doctrine of contributory negligence. She contended that the maritime rule of comparative negligence should apply. She lost. Meanwhile a similar suit was progressing through the federal courts in Florida. Mrs. Moragne had also lost her husband on the navigable waters of that State. She contended that the maritime principle of unseaworthiness should apply. The Florida Supreme Court, asked whether the state law incorporated the principle, ruled that it did not, and that she was not entitled to recover under Florida law. 211 So. 2d 161 (1968).

The District Court of Appeal of Florida ruled, in the *Weed* case, that Florida law did incorporate the federal maritime doctrine of comparative negligence. 201 So.

2d 771 (1967). The defendants appealed to the Florida Supreme Court. That court, considering the claim of Mrs. Weed indistinguishable from that of Mrs. Moragne, denied three weeks earlier, reversed the appellate court. 215 So. 2d 479 (1968).

Mrs. Weed preceded Mrs. Moragne to this Court. She claimed that she had a cause of action under federal maritime law even though it was not statutorily authorized. She asked this Court to overrule its decision in *The Harrisburg,* 119 U. S. 199, that maritime law did not afford a cause of action for wrongful death. Her petition for certiorari was denied in May 1969, over three dissents. 394 U. S. 1018. Three weeks later, Mrs. Moragne filed a petition for certiorari in this Court, raising the same claim. Mrs. Weed filed a petition for rehearing, asking that her claim be heard with that of Mrs. Moragne. Mrs. Weed's request was denied in June 1969. 395 U. S. 971. In November 1969, certiorari was granted in the *Moragne* case. 396 U. S. 900.

Mrs. Weed again asked that her case be considered with that of Mrs. Moragne. This request was also denied. 397 U. S. 930.

In June 1970, this Court vindicated the claim of Mrs. Moragne.* 398 U. S. 375. Mrs. Weed now presents a compelling argument. She is one of two widows from the State of Florida who lost their husbands on navigable waters. One has recovered and one has not, because a different law was ultimately applied. Though both parties challenged the same rule, at nearly the

---

*This Court overruled *The Harrisburg,* 119 U. S. 199, and held that an action does lie under general maritime law for death caused by violation of maritime duties. Had Mrs. Weed's petition been granted, or had she been allowed to join with Mrs. Moragne before this Court, this holding would have meant that she was entitled to recovery, diminished by the doctrine of comparative negligence, rather than barred by the doctrine of contributory negligence.

same time, this Court has favored one and ignored the other.

Every plaintiff who loses his claim cannot reinstate his action when a rule of law favorable to him is declared, either by the legislature or the court. But that is not what is attempted here. This action had hardly come to rest when the Moragne petition was filed, and Mrs. Weed had continually asked this Court to be considered with that case. The facts of this case are even more compelling than those in *Gondeck* v. *Pan American World Airways, Inc.,* 382 U. S. 25, in which this Court confirmed that, " 'the interest in finality of litigation must yield where the interests of justice would make unfair the strict application of our rules.' " *Id.,* at 26–27. Moreover, had Mrs. Weed proceeded through the federal courts, or had she instituted her suit later, she might have arrived in this Court after Mrs. Moragne. She did reach the Court three weeks before Mrs. Moragne; but her petition was denied. Had she followed Mrs. Moragne to this Court, the result in her case would have been different. All she asks is that the Court apply the law in her case that was applied in the one following hers.