**Elena CLASS et al.**

**v.**

**Nicholas NORTON, Successor to Henry C. White, Individually and as Commissioner of the State of Connecticut Welfare Department, et al.**

**Civ. No. 14764.**

United States District Court,
D. Connecticut.

May 13, 1974.

James C. Sturdevant, Tolland-Windham Legal Assistance Program, Willimantic, Conn., Marilyn Kaplan Katz, Bridgeport Legal Services, Bridgeport, Conn., for plaintiffs.

Edmund Walsh, Asst. Atty. Gen., of Conn., Hartford, Conn., for defendants.

## RULINGS ON DEFENDANT NORTON'S MOTION FOR RELIEF FROM JUDGMENT AND APPLICATION FOR PARTIAL STAY ORDER.

BLUMENFELD, District Judge.

The defendant Commissioner of Welfare has moved for relief, pursuant to Fed.R.Civ.P. 60(b)(5) and (6), from this Court's orders in this case of June 16 and June 22, 1972, on the ground that one regulation of the Department of Health, Education and Welfare (HEW) upon which those orders were based, 45 C.F.R. § 206.10, has recently been amended. See 38 Fed.Reg. 22009, dated August 15, 1973, effective October 15, 1973. The Commissioner has also applied for a partial stay of the orders of this Court entered on March 22, 1974, in its Ruling on Plaintiff's Motion for Contempt and Other Relief. In that Ruling, non-compliance by the defendants with this Court's previous orders was found to be "substantial and widespread," and the Court ordered specific procedures implemented in order to effect compliance with its orders. In the discussion which follows, familiarity with the previous orders of the Court in this case will be assumed.

The defendant presses his motion and his application particularly with an eye to the Supreme Court's recent opinion in Edelman v. Jordan, 42 U.S.L.W. 4419, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The facts in that case were similar to those in the instant case. Jordan had brought an action for declaratory and injunctive relief against the Illinois officials administering the federal-state Aid to the Aged, Blind and Disabled (AABD) programs, claiming that they were violating federal law and the Equal Protection Clause by following state regulations which did not comply with federal time limits for processing AABD applications. The district court entered a permanent injunction requiring compliance with the federal time limits and also ordered the state officials to release and remit AABD payments wrongfully withheld from eligible persons who had applied for benefits between July 1, 1968, the date of the federal regulations, and April 16, 1971, the date of the court's preliminary injunction. The Court of Appeals affirmed, holding that the Eleventh Amendment did not bar the award of retroactive benefits and that the judgment of inconsistency between the state and federal regulations could be given prospective effect only. The Supreme Court held, "Though a § 1983 action may be instituted by public aid recipients such as respondent, a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, . . . and may not include a retroactive award which requires the payment of funds from the state treasury." 42 U.S.L.W. at 4427 [94 S.Ct. at 1362.] The defendant Commissioner of Welfare contends that the ruling in Edelman v. Jordan compels the granting of both the motion for relief from judgment and the application for a partial stay order.

A. The Motion for Relief from Judgment

The defendant points to two provisions of the amendments to the HEW

regulation as being inconsistent with this Court's prior orders. In the order of June 16, 1972, in accordance with 45 C.F.R. § 206.10 as it then provided, this Court directed that determinations of eligibility regarding applicants for AFDC benefits be made within 30 days of the initial application for assistance. Section 206.10(a)(3)(i), as now amended, allows the State Welfare Department 45 days in which to make such determinations of eligibility. This Court's order of June 16, 1972, also required the State Welfare Department to make assistance effective from a date no later than the date of application for all AFDC applicants, whatever the date of determination of eligibility. Section 206.-10(a)(6), as amended, now provides:

"(6) Assistance shall begin as specified in the State plan, which:

(i) For financial assistance

(A) Must be no later than:

(1) The date of authorization of payment, or

(2) Thirty days in . . . AFDC . . . from the date of receipt of a signed and completed application form, whichever is earlier . . . . "

The defendant thus claims that "the State has the option when assistance shall begin, and in this case, the defendant will choose the date of 30 days from the date of a signed and completed application form."

■ The extensive non-compliance by the defendants with this Court's previous orders is a significant consideration in the determination whether relief under Fed.R.Civ.P. 60(b)(5) or (6) is appropriate. This Court recently discussed the law regarding such relief in its Ruling on Motion for Relief from Injunction in Harrell v. Harder, 369 F. Supp. 810, 813–814 (D.Conn.1974):

"It is clear beyond doubt that the Court has the *power* to modify its orders to adapt to changed conditions. United States v. Swift & Co., 286 U.S.

106, 114, 52 S.Ct. 460, 76 L.Ed. 999 (1932). The crucial inquiry is whether conditions which existed at the time the order was entered have changed sufficiently to justify the modification. The Court of Appeals for this circuit has construed the applicable provision of Rule 60(b)(5) as follows:

'The rule is not to be read without emphasis on the important words "no longer"; assuming that the propriety of the injunction as issued has passed beyond debate, it refers to some change in conditions that makes continued enforcement inequitable.'

Schildhaus v. Moe, 335 F.2d 529, 530 (2d Cir. 1964). Rule 60(b)(6) requires more than 'some change in conditions that makes continued enforcement inequitable'; relief is justified only in the case of 'extraordinary circumstances.' Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)."

■ The changes in the HEW regulations do not constitute the "extraordinary circumstances" required for relief under Rule 60(b)(6). Harrell v. Harder, *supra*, 369 F.Supp. at 814. Moreover, the circumstances of this case indicate that relief under Rule 60(b)(5) would likewise be inappropriate. The defendants cannot seriously contend that they seek relief from "continued" enforcement of this Court's orders, Schildhaus v. Moe, *supra*, 335 F.2d at 530: their own reports on the number of applicants receiving eligibility determinations within the required 30 days, submitted in conjunction with the recent Motion for Contempt and Other Relief, indicate that compliance with this Court's orders has not yet been achieved, and thus could not be "continued." Nor would such relief be "equitable": the defendants' non-compliance with this Court's prior orders has been inexcusable and unjustified, and they cannot seek relief from this Court while their

own hands are so unclean. Frad v. Columbian National Life Ins. Co., 191 F. 2d 22, 26 (2d Cir. 1951), cert. denied 342 U.S. 904, 72 S.Ct. 294, 96 L.Ed. 677 (1952).

That relief in the instant case at this time would be inappropriate is also indicated by Section 206.10(a)(5) of the amended regulation, which provides:

"(5) Financial assistance and medical care and services included in the plan shall be furnished promptly to eligible individuals without any delay attributable to the agency's administrative process . . . ."

At the hearing on the Motion for Contempt and Other Relief in this case, the defendants' own witnesses testified that the failure of the Welfare Department to process applications within the required 30 days and to make retroactive payments in compliance with this Court's prior orders was due to insufficient numbers of staff personnel and other "delay attributable to the agency's administrative process." In this Court's order of June 16, 1972, it was clearly stated: "Lax administration provides no justification for . . . delay in determining eligibility." In view of the defendants' record of non-compliance with this Court's prior orders, the Court is loath to speculate on the adversity to which welfare applicants might be subjected if the 30-day requirement were relaxed to 45 days or if the Welfare Department were not compelled to make assistance effective from the date of application rather than from the date of determination of eligibility.

■ Nor does the Supreme Court's opinion in Edelman v. Jordan compel a different conclusion. The Court recognized that its decision signaled a breakaway from earlier determinations involving awards of retroactive welfare benefits: the Court had in recent years summarily affirmed three district court judgments requiring state public assistance administrators to make retroactive payments, and the Court's opinion in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), affirmed the judgment of a three-judge district court which had ordered the retroactive payment of welfare benefits which had been wrongfully withheld. Edelman v. Jordan, *supra,* 42 U.S.L.W. at 4424–4425 [94 S.Ct. 1347]. Yet changes in controlling decisional law occurring subsequent to the entrance of a court's order generally do not justify the granting of relief under Rule 60(b)(5) or (6). Berryhill v. United States, 199 F.2d 217 (6th Cir. 1952); Collins v. City of Wichita, Kansas, 254 F.2d 837 (10th Cir. 1958); Title v. United States, 263 F.2d 28 (9th Cir.), cert. denied 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959); Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 650 (1st Cir. 1972). Even if the Court's decision in Edelman v. Jordan were applicable in the instant case, it would not dictate the granting of relief. The two aspects of this Court's prior orders from which relief is sought in the Motion for Relief from Judgment, requiring eligibility determinations to be made within 30 days from the date of application for benefits and making assistance effective from a date no later than the date of application, constituted *prospective injunctive relief* to the plaintiffs. The Court in Edelman v. Jordan stated several times that the Eleventh Amendment is no bar to such relief. 42 U.S.L.W. at 4423, 4424, 4427 [94 S.Ct. 1347]. The Motion for Relief from Judgment does *not* seek relief from that part of this Court's prior orders which requires the defendant to make retroactive payments to all persons whose applications have been approved since the filing of this suit to the extent that emergency town welfare benefits received by those recipients were less than the AFDC payments to which they were entitled.[1]

---

1. The instant suit was filed on December 6, 1971. The orders of the Court were entered on June 16 and June 22, 1972. Thus the only "retroactive payments" to which Edelman v. Jordan could conceivably be applica-

## B. The Application for Partial Stay Order

Inasmuch as the prior orders of this Court providing for prospective injunctive relief are not in any event susceptible to challenge under Edelman v. Jordan, see p. 506, *supra*, the application for a partial stay order stands on but two slim reeds. First, the defendant argues that this Court's order of March 22, 1974, to the defendant Norton, in his official capacity as Commissioner of Welfare for the State of Connecticut, and in his individual capacity, to pay costs, and attorneys' fees in the amount of $1,000 to plaintiffs' attorneys, is barred by the Eleventh Amendment under Edelman v. Jordan. Our Court of Appeals recently considered a similar contention in Jordan v. Fusari, 496 F.2d 646 (2d Cir. 1974). Although the case originally involved the constitutionality of the policy of the State of Connecticut of denying unemployment compensation to women in the months before and after childbirth, the suit was settled and the sole issue on appeal was the award of attorneys' fees to counsel for the plaintiff. The defendant was the Commissioner of Labor and Administrator of the Unemployment Compensation Act of the State of Connecticut, and thus in a position indistinguishable from that of the defendant in the instant case for purposes of the Eleventh Amendment issue. Judge Zampano held ten per cent of the benefits received by plaintiff's class to be an appropriate fee. The Court of Appeals remanded the case for further proceedings, but expressly noted that "a judgment imposing reasonable attorneys' fees on defendant" may well be justified, *id.* at 651. The court's reference to Edelman v. Jordan made it clear that an allowance of attorneys' fees such as that awarded in the instant case is not barred by the Eleventh Amendment:

"[I]t appears to us that the allowance awarded here, as part of an order granting injunctive relief, has at most the 'ancillary effect on the state treasury,' which Edelman v. Jordan, supra, 415 U.S. at 668, characterizes as 'a permissible and often inevitable consequence of the principle announced in Ex parte Young,' 209 U.S. 123, 28 S.Ct. 441, 32 L.Ed. 714 (1908)."

*Id.* at 651 (footnote omitted).[2]

The remaining ground for the application for partial stay is the defendant's belief that Edelman v. Jordan should be applied retroactively and that upon such application the prior orders of this Court should be invalidated. Beyond noting that the Supreme Court's ruling regarding retroactive benefits could only apply to one aspect of this Court's prior orders, not heretofore challenged, see footnote 1 *supra*, it is sufficient to recall this Court's reply to a similar contention in Campagnuolo v. White, Civil No. 13,968 (D.Conn. Jan. 16, 1973), slip op. at 4:

" . . . [I]t is extemely doubtful that the rule in Rothstein [v. Wyman, 467 F.2d 226 (2d Cir. 1972)] should be retroactively applied to modify judgments previously entered. While the court retains jurisdiction in some instances to alter its judgment in the event that the facts underlying the judgment have changed, cf. United States v. Combustion Engineering, Civil No. 13,398 [364 F.Supp. 181] (D. Conn. Dec. 19, 1972), 'the sound legal principle that litigation must at some point come to an end,' Gondek [Gondeck] v. Pan Am World Airways, 382 U.S. 25, 30 [86 S.Ct. 153, 15 L.Ed.2d 21] (1965) (dissent of Harlan, J.), dictates that a 'plaintiff who loses his claim cannot reinstate his action when a rule of law favorable to him is declared, either by the legislature or the

---

ble are those to recipients whose applications were approved subsequent to the date the suit was filed but prior to the date of this Court's orders.

**2.** Furthermore, in the instant case the defendant Norton was ordered to pay the costs and fees in his official capacity *and* in his individual capacity. He would therefore be liable for the costs and fees in any event.

court.' Weed v. Bilbrey, 400 U.S. 982, 984 [91 S.Ct. 361, 27 L.Ed.2d 395] (1970) (dissenting opinion)." [3]

Accordingly, the Motion for Relief from Judgment and the Application for Partial Stay Order are denied. The Motion for Relief from Judgment is denied without prejudice and the defendant may renew the motion when he can show himself and his Department to be in compliance with this Court's prior orders.

So ordered.

3. Moreover, the Order of March 22, 1974, was in a ruling on a Motion for Contempt and Other Relief. This Court did not hold the defendant Commissioner in contempt, but instead supplemented its earlier orders in order to more effectively protect the rights of the plaintiffs. It is extremely unlikely that the defendant could attack the merits of the Orders of June 16 and June 22, 1972, by appealing the Order of March 22, 1974. The March 22, 1974, ruling was based not on the merits of the prior orders but on the failure of the defendants to comply with those orders.

Finally, because the grounds for the application for a partial stay are so insubstantial, the Court finds it unnecessary to consider at length the traditional showings required before a stay pending appeal will be granted. *See, e. g.,* Stop H–3 Association v. Volpe, 353 F.Supp. 14, 16 (D.Haw.1972). Even a cursory consideration of the defendant's position in the instant case indicates that he would be unable to make the required showings.